Carey L. Cooper, Bar No. 195090
ccooper@klinedinstlaw.com
Robert G. Harrison, Bar No. 118765
rharrison@klinedinstlaw.com
Neeru Jindal, Bar No. 235082
njindal@klinedinstlaw.com
KLINEDINST PC
777 S. Figueroa St., Suite 4000
Los Angeles, California 90017
(213) 442-7000/FAX (213) 406-1101

Attorneys for Defendants/Third-party
Plaintiffs DUCOMMUN
INCORPORATED; DUCOMMUN
AEROSTRUCTURES, INC.; and
DUCOMMUN AEROSTRUCTURES
MEXICO, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| WILLIAMS INTERNATIONAL CO., LLC, <br><br> Plaintiff, <br><br> v. <br><br> DUCOMMUN INCORPORATED; DUCOMMUN AEROSTRUCTURES, INC.; and DUCOMMUN AEROSTRUCTURES MEXICO, LLC, <br><br> Defendants. <br><br> DUCOMMUN INC., DUCOMMUN AEROSTRUCTURES, INC., and DUCOMMUN AEROSTRUCTURES MEXICO, LLC, <br><br> Third-party Plaintiffs, <br><br> v. <br><br> TOM RICHARDS, INC. dba PROCESS TECHNOLOGY. a Florida Limited Liability Company, HARRINGTON INDUSTRIAL | Case No. 2:23-cv-9403-MRA-AJR <br><br> **THIRD PARTY COMPLAINT FOR:** <br><br> (1) **STRICT PRODUCT LIABILITY;** <br> (2) **STRICT PRODUCT LIABILITY;** <br> (3) **NEGLIGENCE;** <br> (4) **BREACH OF IMPLIED WARRANTY;** <br> (5) **BREACH OF IMPLIED WARRANTY;** <br> (6) **EQUITABLE INDEMNIFICATION** <br> (7) **CONTRIBUTION; and** <br> (8) **DECLARATORY RELIEF** |

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

1

THIRD-PARTY COMPLAINT

PLASTICS, LLC, a Delaware Limited Liability Company, and INDEPENDENT THERMAL SOLUTIONS, INC., a California Corporation,

Third-party Defendants.

## PARTIES

1.      Third-party Plaintiff Ducommun Inc. is a Delaware corporation with its principal place of business located at 200 Sandpointe Avenue, Suite 700, Santa Ana, California.  Ducommun Inc. is a citizen of the State of California and the State of Delaware.

2.      Third-party Plaintiff Ducommun AeroStructures, Inc. ("DAI") is a Delaware Corporation with its principal place of business located at 268 E. Gardena Blvd., Gardena, California.  Ducommun Aerostructures is a citizen of the State of California and the State of Delaware.

3.      Third-party Plaintiff Ducommun AeroStructures Mexico, LLC ("DAM") is a Delaware Limited Liability Company with its principal place of business located at 268 E. Gardena Blvd., Gardena, California.  DAM is a citizen of the State of California and the State of Delaware.

4.      Third-party Plaintiffs Ducommun, Inc., DAI, and DAM are jointly and severally referred to herein as "Ducommun."  At all times relevant herein, Ducommun is and was a manufacturer of aerospace components.

5.      Ducommun is informed and believes that Third-party Defendant Tom Richards, Inc. dba Process Technology ("Process Technology") is, and at all times herein mentioned was, a Florida Limited Liability Company doing business in California and, with its principal place of business located at 38809 Mentor Avenue, Willoughby, Ohio, is a citizen of the State of Ohio and the State of Florida.

/ / /

/ / /

2
THIRD-PARTY COMPLAINT

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

6.    Ducommun is informed and believes that Third-party Defendant Harrington Industrial Plastics, LLC ("HIP") is, and at all times herein mentioned was, a Delaware Limited Liability Company doing business in California and, with its principal place of business located at 14480 Yorba Avenue, Chino, California, is a citizen of the State of Delaware and the State of California.

7.    Ducommun is informed and believes that Third-party Defendant Independent Thermal Solutions, Inc. ("ITS") is, and at all times herein mentioned was, a California corporation doing business in California and, with its principal place of business located at 2101 S. Standard Avenue # G, Santa Ana, California, is a citizen of the State of California.

8.    Ducommun incorporates by reference the Complaint filed by Plaintiff Williams International Co., LLC ("Plaintiff") in the underlying action (the "Complaint") as though fully set forth herein for the limited purpose of identifying the underlying claims and causes of action, and in doing so Ducommun does not admit the truth of any allegations set forth therein.

## JURISDICTION AND VENUE

9.    Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states with an amount in controversy exceeding $75,000, and with the Court having supplemental jurisdiction over Ducommun's claims pursuant to 28 U.S.C. § 1367 as the claims arise from a common nucleus of operative facts as those alleged in the Complaint.

10.    This Court has personal jurisdiction over the Third-party Defendants, including as follows:

a.    Ducommun is informed and believes that Process Technology, ITS and HIP market, sell and distribute products into the state of California, including through online advertising and marketing and by the making online sales, directly and/or through retailers, intended for sale in and into California.

/ / /

3
THIRD-PARTY COMPLAINT

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

b.      Ducommun is informed and believes ITS and HIP maintain their principal places of business in California.

c.      Ducommun placed orders from California and thereby purchased the subject products at-issue from Process Technology, ITS and HIP, and Process Technology, ITS and HIP thereby sold, distributed and shipped the subject products at issue to Ducommun's place of business in California.

## FIRST COUNT

### Strict Product Liability

### (Process Technology and Independent Thermal Solution)

11.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

12.    On or around June 19, 2009, Ducommun purchased an electric water heating unit (the "Heater") designed and manufactured by Process Technology and sold to Ducommun through a distributor, ITS.

13.    ITS was in the chain of distribution and sale of the Heater, and is causally connected to the defect and Ducommun's exposure to the defect, and had a duty to warn Ducommun and other consumers of the inherent risk and unreasonably dangerous condition of the product.

14.    Ducommun is informed and believes Process Technology and ITS had actual knowledge and/or constructive knowledge that the Heater was specifically intended for use with a leak test tank, which tank was located within a Guaymas, Sonora, Mexico facility where Ducommun products were manufactured and tested (the "Facility").

15.    Ducommun is informed and believes the Heater was or should have been designed to include a functioning over-temperature safety device or thermal protector, the absence of which would not be readily apparent or reasonably discoverable to the consumer, including Ducommun.

/ / /

4

THIRD-PARTY COMPLAINT

16. Ducommun is informed and believes the Heater which Process Technology and ITS marketed, recommended, sold and distributed to Ducommun was defectively designed and/or manufactured as it lacked critical safety devices, including said over-temperature safety device and thermal protector. These defects made the Heater inherently and unreasonably unsafe, creating a risk of fire.

17. The design and/or manufacturing defects described herein were not readily apparent and were not reasonably discoverable to Ducommun, and Ducommun therefore did not have knowledge of and could not reasonably have discovered said defects or the fact that these defects made the product inherently dangerous, creating a risk of fire.

18. Ducommun is informed and believes the Heater contained said defects and was inherently and unreasonably dangerous when it left Process Technology's and ITS's possession.

19. Ducommun is informed and believes Process Technology and ITS also failed to warn Ducommun of the inherently and unreasonably dangerous nature of the Heater.

20. Ducommun is informed and believes that, at all times herein mentioned, the Heater was used in the intended, normal and/or reasonably foreseeable manner.

21. Process Technology and ITS knew its water heating unit would be purchased by members of the public and used by the purchasers, including Ducommun, without inspection for defects.

22. Ducommun is informed and believes that, on or about June 29, 2020, as a direct, legal and proximate result of the design and/or manufacturing defects and failure to warn, the Heater caused a fire at the Facility, which spread to Plaintiff's neighboring facility and caused catastrophic property damages and business losses.

23. As a direct, legal and proximate result of Process Technology and ITS's the design and/or manufacturing defects and failure to warn, Ducommun has

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

5

THIRD-PARTY COMPLAINT

suffered and will continue to suffer and incur damages including property, monetary and business losses which are not limited to the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums Ducommun pays or becomes obligated to pay due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint.

## SECOND COUNT

### Strict Product Liability

### (Harrington Industrial)

24. Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

25. On or around September 12, 2007, Ducommun purchased a leak test tank designed/manufactured by HIP, as evidenced by Order No. EPU012442 (the "Tank"). In particular, the Tank was a marketed, designed, manufactured and sold for use as high-temperature plastic tub, meant to contain heated water, for leak testing of spoiler seals.

26. Ducommun is informed and believes HIP had actual or constructive knowledge the Tank was specifically intended for use with an electric water heating unit at the Facility.

27. Ducommun is informed and believes that the Tanks was defectively designed and/or manufactured, in that it failed to perform as safely as an ordinary purchaser would expect when used in an intended, normal and/or reasonably foreseeable manner.

28. The design and/or manufacturing defects described herein were not readily apparent and were not reasonably discoverable to Ducommun, and Ducommun therefore did not have knowledge of and could not reasonably have discovered said defects or the fact that these defects made the product inherently dangerous, creating a risk of fire.

6

THIRD-PARTY COMPLAINT

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

29.     Ducommun is informed and believes the tank contained such defects and was inherently and unreasonably dangerous when it left HIP's possession.

30.     Ducommun is informed and believes HIP also failed to warn Ducommun of the inherently and unreasonably dangerous nature of the Tank.

31.     Ducommun is informed and believes that, at all times herein mentioned, the Tank was used in the intended, normal and/or reasonably foreseeable manner, and that HIP knew the Tank would be purchased by members of the public and used by the purchasers, including Ducommun, without inspection for defects.

32.     Ducommun is informed and believes that, on or about June 29, 2020, as a direct, legal and proximate result of the design and/or manufacturing defects and failure to warn, the Tank caused a fire at the Facility, which spread to Plaintiff's neighboring facility resulting in catastrophic property damages and business losses.

33.     As a direct, legal and proximate result of HIP's design and/or manufacturing defects and failure to warn, Ducommun has suffered and will continue to suffer and incur damages including property, monetary and business losses which are not limited to the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums Ducommun pays or becomes obligated to pay due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint

34.     Ducommun is informed and believes that HIP failed to warn Ducommun of the inherent danger of fire, and such failure to warn constitutes a product defect.  Ducommun is further informed and believes that, at all times herein mentioned, HIP knew its tank would be purchased by members of the public and used by the purchasers without inspection for defects.

35.     Ducommun is informed and believes that, on or about June 29, 2020, the leak test tank caused a fire at the Facility where the product had been used in the

/ / /

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

7

THIRD-PARTY COMPLAINT

normal and intended manner, and that the fire then spread to Plaintiff's neighboring facility.

36. Ducommun is informed and believes that, on or about June 29, 2020, as a direct, legal and proximate result of the design and/or manufacturing defects and failure to warn, the Heater caused a fire at the Facility, which spread to Plaintiff's neighboring facility and caused catastrophic property damages and business losses.

37. As a direct, legal and proximate result of HIP's design and/or manufacturing defects and failure to warn, Ducommun has suffered and will continue to suffer and incur damages including property, monetary and business losses which are not limited to the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums Ducommun pays or becomes obligated to pay due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint.

### THIRD COUNT

### Negligence

### (Process Technology and Harrington Industrial)

38. Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

39. Process Technology and HIP had a duty of care to prevent putting into the stream of commerce dangerous and defective products, and to warn of any danger inherent in said products. It was reasonably foreseeable to Process Technology and HIP that their respective products, as distributed, constituted a potential danger to consumers, including Ducommun.

40. Process Technology and HIP breached their respective duties of care by designing, manufacturing, distributing, putting into the stream of commerce, and/or failing to warn against, a product that constituted a potential danger to consumers, including Ducommun.

THIRD-PARTY COMPLAINT

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

41.    Process Technology and HIP's negligent conduct proximately caused, and was a substantial factor in causing, Ducommun's damages alleged herein.

42.    As a direct, legal and proximate result of Process Technology and HIP's negligent conduct and breach of duty of care, a fire resulted and Ducommun has suffered, and will continue to suffer and incur, property damages and monetary and business losses which include, but are not limited to, the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums paid or payable due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint.

**FOURTH COUNT**

**Breach of Implied Warranty**

**(Process Technology)**

43.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

44.    Process Technology, as the designer and manufacturer of the Heater, warranted that its product was fit for its intended purpose, and an implied warranty thereby arose with the sale of the Heater to Ducommun, including that the Heater was fit for its intended purpose.

45.    Process Technology impliedly warranted that the Heater was fit for the purpose for which Ducommun intended to use it, and Process Technology had actual or constructive knowledge of the particular purpose and manner in which Ducommun intended to use the product.  Ducommun relied on Process Technology's skill and judgment in purchasing and using the Heater.

46.    Ducommun did not modify or alter the Heater.

47.    Ducommun is informed and believes the Heater was defective when it left Process Technology's control and was otherwise unfit for its intended purpose. Ducommun did not receive the Heater as warranted, as it was unsafe for the

9

THIRD-PARTY COMPLAINT

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

intended and specified use and carried with it an inherent and unreasonable danger of which Ducommun was not warned.

48.    As a direct, legal and proximate result of Process Technology's breach, a fire resulted and Ducommun has suffered, and will continue to suffer and incur property damages and monetary and business losses which include, but are not limited to, the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums paid or payable due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint.

## FIFTH COUNT

### Breach of Implied Warranty

### (Harrington Industrial)

49.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

50.    HIP, as the designer and manufacturer of the Tank, warranted that its product was fit for its intended purpose.  An implied warranty thereby arose with the sale of the Tank to Ducommun, including that the Tank was fit for its intended purpose.

51.    HIP impliedly warranted the Tank was fit for the purpose for which Ducommun intended to use it, and HIP had actual or constructive knowledge of the particular purpose and manner in which Ducommun intended to use the Tank. Ducommun relied on HIP's skill and judgment in purchasing and using the Tank.

52.    Ducommun did not modify or alter the Tank.

53.    Ducommun is informed and believes the Tank was defective when it left HIP's control and was unfit for its intended purpose.  Ducommun did not receive the Tank as warranted as it was unsafe for the intended and specified use and carried with it an inherent and unreasonable danger of which Ducommun was not warned.

/ / /

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

54.    As a direct, legal and proximate result of HIP's breach, a fire resulted and Ducommun has suffered, and will continue to suffer and incur, property damages and monetary and business losses which include, but are not limited to, the attorneys' fees, litigation expenses, expert and investigations costs, and other cost incurred in defense of Plaintiff's Complaint and any sums paid or payable due to any settlement or judgment rendered against Ducommun in the action herein based upon Plaintiff's Complaint.

### SIXTH COUNT

**Equitable Indemnification**

**(Process Technology, Independent Thermal Solution, Harrington Industrial)**

55.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

56.    Ducommun expressly denies the allegations of the operative Complaint, and any negligence or other wrongdoing whatsoever on its part.  Should Ducommun nevertheless be found to be liable with respect to the allegations of the operative Complaint, the actions or omissions of Ducommun were passive and secondary, while those of Process Technology, ITS and HIP, and each of them, were active, primary and/or superseding.

57.    Thus, as a direct, proximate and foreseeable result of the actions, omissions, negligence, breach of warranty, and/or wrongdoing of Process Technology, ITS and/or HIP, and each of them, Ducommun is entitled to be indemnified  from and against any liability adjudged against it as to the Complaint filed by Plaintiff.

### SEVENTH COUNT

**Contribution**

**(Process Technology, Independent Thermal Solution, Harrington Industrial)**

58.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

THIRD-PARTY COMPLAINT

59.    Ducommun expressly denies the allegations of the operative Complaint, and any negligence or other wrongdoing whatsoever on its part. However, if as a result of the matters alleged in the Plaintiff's Complaint, Ducommun is held liable for all or part of the claims asserted against it, Process Technology, ITS and HIP, to the extent of their fault as determined by the Court, are obligated to reimburse and will be liable to Ducommun for all or any liability so assessed by way of contribution.

60.    Accordingly, Ducommun asserts its right to such contribution.

## EIGHTH COUNT

### Declaratory Relief

**(Process Technology,  Independent Thermal Solution, Harrington Industrial)**

61.    Ducommun hereby incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

62.    On or about November 7, 2023, Plaintiff filed the Complaint herein against Ducommun seeking damages that Plaintiff allegedly sustained as a result of a fire at the Facility.

63.    If Plaintiff sustained damages as alleged in its Complaint, these damages were caused, entirely or in part, by Process Technology, ITS and HIP, as set forth herein.

64.    An actual controversy has arisen and now exists between Ducommun, on the one hand, and Process Technology, ITS and HIP, on the other hand, in that Ducommun contends, and Process Technology, ITS and HIP deny, the following:

a.    that, as between Ducommun and Process Technology, ITS and HIP, responsibility for the damages claimed by Plaintiff herein rests entirely or partially on Process Technology, ITS and HIP; and

b.    that, as a result, Process Technology, ITS and HIP are obligated to partially or fully indemnify Ducommun for any sums that Ducommun may be compelled to pay as the result of any damages, judgment, or other awards recovered

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

12
THIRD-PARTY COMPLAINT

by Plaintiff against Ducommun, and for Ducommun's attorney's fees and costs of defense.

65.    Ducommun desires a judicial determination of the respective rights and duties of Ducommun, and Process Technology, ITS and HIP with respect to the damages claimed in the Complaint of Plaintiff herein. In particular, Ducommun desires a declaration of the comparative liability of Ducommun and Process Technology, ITS and HIP for these damages, and a declaration of Process Technology's, ITS's and HIP's responsibility for comparative indemnity to Ducommun for any sums that Ducommun may be compelled to pay Plaintiff, and for which Process Technology, ITS and HIP are determined responsible, entirely or in part.

66.    Such a declaration is necessary and appropriate at this time in order that Ducommun may ascertain its rights and duties with respect to Plaintiff's claim for damages.  Furthermore, the claim of Plaintiff and the claim of Ducommun arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Ducommun is required now to defend against the claim of Plaintiff and then bring a separate action against Process Technology, ITS and/or HIP for indemnification of sums that Ducommun may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Ducommun.

**WHEREFORE,** Ducommun prays that judgment be entered, as follows:

1.    For economic damages in an amount to be established at trial;

2.    For general damages in an amount to be established at trial;

3.    For consequential damages in an amount to be established at trial;

4.    That the court determine the rights, duties and obligations of the parties to this action;

5.    That in the event it be determined there is any sum due to Plaintiff Williams International Co., LLC, the Court further declare and adjudge such

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

13

THIRD-PARTY COMPLAINT

liability to be that of the Third-party Defendants, and each of them, and that said Third-party Defendants are obligated to indemnify Ducommun as hereinabove alleged;

      6.    For costs of suit;

      7.    For attorney's fees to the extent authorized by contract and/or statute; and

      8.    For such other and further relief as the Court deems just and proper.

KLINEDINST PC

DATED:  February 26, 2024    By:    /s/Carey L. Cooper

Carey L. Cooper
Robert G. Harrison
Neeru Jindal
Attorneys for Defendants/ Third-party Plaintiffs DUCOMMUN INCORPORATED; DUCOMMUN AEROSTRUCTURES, INC.; and DUCOMMUN AEROSTRUCTURES MEXICO, LLC

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

14

THIRD-PARTY COMPLAINT

## CERTIFICATE OF SERVICE

***Williams International Co., LLC v. Ducommun Incorporated, et al. (3562-1029)***
***United States District Court, Central District of California***
***Case No. 2:23-cv-9403-MRA-AJR***

I hereby certify that on February 26, 2024, I electronically filed the foregoing **THIRD PARTY COMPLAINT** with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on February 26, 2024, at San Diego, California.


/s/Carey L. Cooper

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

15
THIRD-PARTY COMPLAINT