PAMELA L. SCHULTZ (SBN 269032)
pamela.schultz@kennedyslaw.com
CAMILLE ZUBER (SBN 349650)
camille.zuber@kennedyslaw.com
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Telephone:  415-323-4463
Facsimile:   415-323-4445

Attorneys for Third-Party Defendant
HARRINGTON INDUSTRIAL PLASTICS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS INTERNATIONAL CO., LLC, | Case No. 2:23-cv-09403-MRA-AJR |
| Plaintiff, | **THIRD-PARTY DEFENDANT HARRINGTON INDUSTRIAL PLASTICS, LLC'S ANSWER TO THE FIRST AMENDED THIRD-PARTY COMPLAINT OF DUCOMMUN INCORPORATED, DUCOMMUN AEROSTRUCTURES, INC., AND DUCOMMUN AEROSTRUCTURES MEXICO, LLC AND COUNTERCLAIMS AGAINST DUCOMMUN INCORPORATED, DUCOMMUN AEROSTRUCTURES, INC., AND DUCOMMUN AEROSTRUCTURES MEXICO, LLC** |
| v. | |
| DUCOMMUN INCORPORATED; DUCOMMUN AEROSTRUCTURES, INC.; and DUCOMMUN AEROSTRUCTURES MEXICO, LLC, | |
| Defendants. | |
| DUCOMMUN INC., DUCOMMUN AEROSTRUCTURES, INC., and DUCOMMUN AEROSTRUCTURES MEXICO, LLC, | |
| Third-party Plaintiffs, | |
| v. | Complaint Filed:    November 7, 2023 |
| TOM RICHARDS, INC. dba PROCESS TECHNOLOGY, a Florida Limited Liability Company, HARRINGTON INDUSTRIAL PLASTICS, LLC, a Delaware Limited Liability Company, and INDEPENDENT THERMAL SOLUTIONS, INC., a California Corporation, | First Amended Third-Party Complaint Filed:    May 6, 2024 |
| | Trial Date:              TBD |
| Third-party Defendants. | |

1

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THIS HONORABLE COURT:**

COMES NOW Third-Party Defendant HARRINGTON INDUSTRIAL PLASTICS, LLC ("Harrington"), a Delaware limited liability company ("Harrington" or "Third-Party Defendant"), answering the First Amended Third-Party Complaint ("FATPC") of DUCOMMUN INCORPORATED, DUCOMMUN AEROSTRUCTURES, INC., and DUCOMMUN AEROSTRUCTURES MEXICO, LLC (collectively, "Third-Party Plaintiffs"), and admits, denies, and alleges as follows:

**PARTIES**

1. Answering Paragraph 1 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

2. Answering Paragraph 2 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

3. Answering Paragraph 3 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

4. Answering Paragraph 4 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

5. Answering Paragraph 5 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

6. Paragraph 6 of the FATPC contains statements of law for which no answer is required. To the extent and answer is required, the allegations are denied. Harrington cannot ascertain what Third-Party Plaintiff means by "at all times herein mentioned", since the FATPC refers to multiple different times and also incorporates by reference

another document, and therefore is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them. However, Harrington admits that it is a Delaware Limited Liability Company doing business in California with a place of business at 14480 Yorba Avenue, Chino, California.

7.    Answering Paragraph 7 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

8.    The allegations in Paragraph 8 of the FATPC refer to Third-Party Plaintiff's incorporation of another document, and therefore, no answer is required. To the extent and answer is required, the allegations of this paragraph are denied.

## JURISDICTION AND VENUE

9.    The allegations in Paragraph 9 of the FATPC refer to legal issues for which no answer is required.

10.    The allegations in Paragraph 10 of the FATPC contain no substantive facts and refer to legal issues for which no answer is required.

11.    Answering Paragraph 11 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

12.    Answering Paragraph 12 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

13.    Answering Paragraph 13 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

14.    Answering Paragraph 14 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

15.    Answering Paragraph 15 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

16.    Answering Paragraph 16 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

17.    Answering Paragraph 17 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

18.    Answering Paragraph 18 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

19.    Answering Paragraph 19 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

20.    Answering Paragraph 20 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

21.    Answering Paragraph 21 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

22.    Answering Paragraph 22 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

23.    Answering Paragraph 23 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

24.     Answering Paragraph 24 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

25.     Answering Paragraph 25 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

26.     Answering Paragraph 26 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

27.     Answering Paragraph 27 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

28.     Answering Paragraph 28 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

29.     Answering Paragraph 29 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

30.     Answering Paragraph 30 of the FATPC, Harrington is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and therefore denies them.

31.     Harrington incorporates by reference and repeats paragraphs 1 through 30 above, as if set forth *in extenso*.

32.     Answering Paragraph 32 of the FATPC, Harrington denies the allegations.

33.     Answering Paragraph 33 of the FATPC, Harrington denies the allegations.

34.     Harrington incorporates by reference and repeats paragraphs 1 through 33 above, as if set forth *in extenso*.

35.     Answering Paragraph 35 of the FATPC, Harrington denies the allegations.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

36. Answering Paragraph 36 of the FATPC, Harrington denies the allegations.

37. Harrington incorporates by reference and repeats paragraphs 1 through 37 above, as if set forth *in extenso*.

38. The allegations of Paragraph 38 are admitted.

39. Answering Paragraph 39 of the FATPC, Harrington denies the allegations.

40. Answering Paragraph 40 of the FATPC, Harrington denies the allegations.

41. Answering Paragraph 41 of the FATPC, which states Third-Party Plaintiff's desires, no answer is required. To the extent an answer is required, Harrington denies the allegations.

42. Answering Paragraph 42 of the FATPC, which states Third-Party Plaintiff's legal positions, no answer is required. To the extent an answer is required, Harrington denies the allegations.

With respect to Third-Party Plaintiff's Claim for Relief, Harrington incorporates by reference and repeats paragraphs 1 through 42 above, as if set forth *in extenso*. Harrington denies that Third-Party Plaintiff is entitled to any relief sought therein.

## DEMAND FOR JURY TRIAL

Harrington demands a jury trial for all issues.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from recovery herein as the Complaint and FATPC fail to state facts sufficient to constitute a cause of action against Harrington.

### SECOND AFFIRMATIVE DEFENSE

Harrington is informed and believes and thereon alleges that the captioned action, the Complaint and FATPC is barred by the applicable statute of limitations, statutes of repose or other similar statutes which set forth the time period within which a party must file suit, including but not limited to the statute of limitations under, *inter alia*, the laws of Mexico or the California Code of Civil Procedure commencing with Section

335 and continuing through 349.4, more particularly, but not limited to the following: Sections 337, 337.1, 337.15, 338, 339, 340, 342, 343 and 361.

## THIRD AFFIRMATIVE DEFENSE

Harrington is informed and believes and thereon alleges that Third-Party Plaintiffs have waived any and all claims that they may have had or have against Harrington arising from the transactions and occurrences contained in the Complaint and FATPC.

## FOURTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and thereon alleges that, by virtue of their own conduct, Third-Party Plaintiffs are estopped from recovering from Harrington.

## FIFTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and thereon alleges that Third-Party Plaintiffs were aware, or should have been aware, of the potential for the damages claimed by Plaintiffs and Third-Party Plaintiffs based on their care, custody and control of the Heater, Tank and its component parts, as well as their knowledge of the operation of the Heater, Tank and its component parts.

## SIXTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and thereon alleges that the alleged damages sustained, if any, were proximately caused by the intervening and superseding acts of others, which acts bar and/or diminish recovery, if any, against Harrington.

## SEVENTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from recovery, or said recovery, if any, is proportionately reduced, as any injury or damage allegedly suffered by Third-Party Plaintiffs occurred as a proximate result of their own negligence in that they failed to

exercise ordinary care on their own behalf at the time and place alleged and are comparatively and contributorily negligent.

## NINTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs' alleged injuries and damages, if any, proximately resulted from the use of the product in question in an unintended, abnormal and unforeseeable manner and not because of any defects or failure of said product or any of its component parts.

## TENTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that at all relevant times the product in question was misused in such a manner as to constitute an unforeseeable, inappropriate and improper use of the product in question which caused and contributed to the alleged incident.

## ELEVENTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from recovery herein as they have released all of their rights in a written document or otherwise, or that they have agreed to and/or are obliged to hold harmless, defend and indemnify Harrington.

## TWELFTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the product in question was altered, including by appropriation of other parts, in such a manner as to constitute an unintended, abnormal and unforeseeable use or alteration of the product in question which caused and contributed to the alleged incident.

## THIRTEENTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and on that ground alleges that this action is barred on the grounds that Harrington received no reasonable notice of any alleged breach of warranty or any notice that was either adequate in content or timely made.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that Harrington is not liable herein as any defect or non-conformity in the product in question was caused by the unauthorized or unreasonable use of the goods following sale, modification following sale and/or incorporation of other parts into the goods.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Harrington is information and believes upon such information and belief that Third Party Plaintiffs had superior knowledge of the Heater, Tanks and its component parts and were in the best position to avoid the losses claimed in the Complaint and FATPC and had the last clear chance to avoid those losses.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that Harrington alleges that the State of California's judicially created definitions of manufacturing defect and design defect and the standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things, they are void for vagueness and are an undue burden upon interstate commerce, as well as an impermissible effort to regulate in an area which has previously been pre-empted by the Federal Government.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and on that ground alleges that this action is barred on the grounds that Harrington has disclaimed any and all warranties as alleged in the FATPC pursuant to California Commercial Code, Section 2316.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that the benefits of any products provided or attributable to this answering Harrington outweighed the risks of any dangers or damages inherent in them.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

## NINETEENTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges if Harrington is found to have been negligent or at fault in any manner, which is expressly denied, any negligence or fault could only be vicarious, secondary and passive, while the negligence of Third-Party Plaintiffs, third parties and/or others (including parties to this action), would be active and primary.

## TWENTIETH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the injuries alleged by Plaintiff and Third-Party Plaintiffs, if any, were proximately caused by the negligence and liability of other persons or entities, and Harrington requests that an allocation of such negligence and liability be made among such other persons or entities, and that if any liability is found on the part of Harrington, judgment against Harrington shall only be in the amount which is proportionate to the extent and percentage by which Harrington acts or omissions contributed to the injuries or damages alleged by Third-Party Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs have failed to take proper care and/or reduce or mitigate any damages alleged to have been suffered, both before and after the Fire as described in the Complaint and/or FATPC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

FATPC and each cause of action alleged within it is uncertain, vague, ambiguous and unintelligible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' actions are barred and precluded by reason of the doctrine of election of remedies because Third-Party Plaintiffs seek mutually inconsistent remedies at law and in equity, resulting in prejudice to Harrington because it will result in double, if not triple, recovery against Harrington.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that Harrington, its agents or employees, are not liable for the damages, if any, alleged in the Complaint and/or FATPC in that such damages, if any were the result of no human intervention, but were solely caused by an irresistible, superhuman cause, or Act of God, which was unforeseeable and whose effects could not be prevented by the exercise of prudence, diligence and care.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Harrington asserts as an affirmative defense all rights pursuant to California Civil Code, Sections 1431.1 and 1431.2.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges at all relevant times Third-Party Plaintiffs directly, proximately and legally caused any claimed damages, and as a result Harrington is relieved from any responsibility or obligation to indemnify, defend or hold Third-Party Plaintiffs harmless.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that if there was any defect in the product referred to in the FATPC, Third-Party Plaintiffs, and other parties to this action, have made changes, alterations and/or modifications to the product in question, which conduct discharges Harrington from any liability.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that any defect in said product referred to in the Complaint and FATPC did not exist at the time Harrington provided any goods or services relative to said product but was caused by the subsequent misuse, abuse, changes, modifications, improper maintenance, and alterations of Third-Party Plaintiffs, and other parties, and that any claimed damages were caused by such subsequent conduct or omissions.

11

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs and/or third parties made changes, alterations and/or modifications to the product referred to in the FATPC, which conduct discharges Harrington from any liability.

## THIRTIETH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the Complaint and FATPC, and each and every cause of action therein, fail because the product at issue, including any components which Third-Party Plaintiffs claims were designed and/or manufactured by Harrington or which were supplied and/or distributed by Harrington, complied with applicable codes, standards, regulations or specifications.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the FATPC, and each and every cause of action therein, fail because the product at issue, including any components which Third-Party Plaintiffs claim were designed and/or manufactured by Harrington or which were supplied and/or distributed by Harrington, conformed with the generally recognized state of the art applicable to the safety of the product at the time it was designed, manufactured, packaged and labeled.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the FATPC, and each and every cause of action therein, fail because Third-Party Plaintiffs expressly, voluntarily, and knowingly agreed to assume the risks of injury or damage, if any, at the time and place of the incident referred to the in the FATPC, and thus is barred from any recovery.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the FATPC, and each and every cause of action therein, is barred because the perils, dangers, risks of harm, or loss, if any, were open and obvious and known to Third-Party

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

Plaintiffs, whom nevertheless conducted themselves in such a manner so as to expose themselves to said perils, dangers, risks of harm, or loss, thus assuming all risks such that Third-Party Plaintiffs' right to recovery should be barred or reduced by an amount equivalent to such percentage of fault.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that if Harrington manufactured, designed and/or distributed the product at issue, it was manufactured for, designed for and/or distributed to knowledgeable and sophisticated users over whom Harrington had no control and who were fully informed as to the risks and dangers, if any, associated with the product and the precautions, if any, required to avoid those risks and dangers. Accordingly, Harrington had no duty to warn these knowledgeable and sophisticated users of the risks and dangers, if any, associated with the product, and whatever injury or damage, if any, Third-Party Plaintiffs sustained was proximately caused by the failure of the Third-Party Plaintiffs and/or other sophisticated users to use the product in a reasonable manner including the purpose for which, and in the manner for which, the product was intended to be used.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Harrington did not breach any warranties, express or implied, and no warranties, express or implied, arose in the instant situation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from any recovery or relief because if Harrington manufactured, designed and/or distributed the product at issue, the product was in conformity with the express warranty and/or was not defective.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from any recovery against Harrington by the doctrine of laches due to the unreasonable delay in prosecuting the action.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that the product at issue, if it was manufactured, designed and/or distributed by Harrington was at all times of good merchantable quality and fit for the ordinary purpose for which said products were used.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that any product manufactured, designed, sold and/or distributed by Harrington was furnished with adequate and appropriate warnings.

**FORTIETH AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that the Third-Party Plaintiffs claims are barred, in whole or in part, by a right to set-off against any such damages and/or recoupment.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that each of the acts attributed to Harrington as alleged by the Complaint and Third-Party Plaintiffs in the FATPC were acquiesced in and/or ratified by, participated in and/or consented to by the Third-Party Plaintiff's and/or their agents and attorneys.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs' claims are barred, in whole or in part, from recovery on the grounds that they are subject to the defense of accord and satisfaction.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

## FORTY-THIRD AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that there is no causal relationship between Harrington's conduct and the injuries and damages alleged in the Complaint or by Third-Party Plaintiffs in the FATPC.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that the claims of Third-Party Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from any recovery on the basis of failure of consideration.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Third-Party Plaintiffs are barred from any recovery on the basis of the statute of frauds.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Harrington reserves its right to assert that the law of other jurisdictions, including but not limited to Mexico applies to certain claims in the captioned action.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Harrington is informed and believes and upon such information and belief alleges that Harrington presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses available. Harrington reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE, HARRINGTON PRAYS:**

1. That Third-Party Plaintiffs take nothing by virtue of the FATPC herein, and that judgment be entered in favor of Harrington;

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

2.    For costs of suit;

3.    For attorneys' fees; and

4.    For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFFS

## PARTIES

1.    Third-Party Defendant Harrington Industrial Plastics, LLC ("Harrington"), is a Delaware limited liability corporation with its principal place of business in California.

2.    Upon information and belief, Third-Party Plaintiff Ducommun Inc. is a Delaware corporation with its principal place of business located at 200 Sandpointe Avenue, Suite 700, Santa Ana, California. Ducommun Inc. is a citizen of the State of California and the State of Delaware.

3.    Upon information and belief, Third-Party Plaintiff Ducommun AeroStructures, Inc. ("DAI"), is a Delaware Corporation with its principal place of business located at 268 E. Gardena Blvd., Gardena, California. DAI is a citizen of the State of California and the State of Delaware.

4.    Upon information and belief, Third-Party Plaintiff Ducommun AeroStructures Mexico, LLC ("DAM"), is a Delaware Limited Liability Company with its principal place of business located at 268 E. Gardena Blvd., Gardena, California. DAM is a citizen of the State of California and the State of Delaware.

5.    Third-Party Plaintiffs Ducommun Inc., DAI, and DAM are collectively referred to as "Ducommun."

6.    Harrington incorporates by reference the Complaint filed by Plaintiff Williams International Co., LLC ("Plaintiff"), in the underlying action (the "Complaint") and the First Amended Third-Party Complaint ("FATPC") filed by Ducommun as though fully set forth herein for the limited purpose of identifying the

16

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

underlying claims and causes of action, and in doing so Harrington does not admit the truth of any allegations set forth therein.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states with an amount in controversy exceeding $75,000, and with the Court having supplemental jurisdiction over Ducommun's claims pursuant to 28 U.S.C. § 1367 as the claims arise from a common nucleus of operative facts as those alleged in the Complaint.

## GENERAL ALLEGATIONS

8. Harrington is without information to ascertain whether the Heater, Tank and their component parts (collectively, the "Unit") which were in Ducommun's facility at the time of the Fire as alleged in the Complaint and FATPC were in any way related to Harrington, had been modified or altered, were not being utilized as intended and/or in a normal manner and/or were otherwise a legal or proximate cause of the Fire.

## FIRST COUNT
### Indemnification

9. Harrington incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

10. Harrington expressly denies the allegations of the Complaint and FATPC, and any negligence or other wrongdoing whatsoever on its part. However, if discovery reveals that the Unit was not in any way associated with Harrington, or if Harrington is nevertheless found to be liable in any respect relating to the Fire, the actions or omissions of Harrington were passive and secondary, while those of Ducommun or others were active, primary and/or superseding.

11. Thus, as a direct, proximate and foreseeable result of the actions, omissions, negligence, breach of warranty, and/or wrongdoing of Ducommun or others, Harrington is entitled to be indemnified by Ducommun for its attorney fees and related costs, as well as from and against any liability adjudged against Harrington.

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR

**SECOND COUNT**

**Contribution**

12. Harrington incorporates by reference each and every allegation of the foregoing paragraphs as though fully set forth herein.

13. Harrington expressly denies the allegations of the Complaint and FATPC, and any negligence or other wrongdoing whatsoever on its part. However, if discovery reveals that the Unit was not in any way associated with Harrington, or if Harrington is nevertheless found to be liable in any respect relating to the Fire, the actions or omissions of Harrington were passive and secondary, while those of Ducommun or others were active, primary and/or superseding.

14. However, if as a result of the matters alleged in the Plaintiff's Complaint or the FATPC, Ducommun is held liable for all or part of the claims asserted against it, Ducommun, to the extent of its fault, is obligated to reimburse and will be liable to Harrington for all or any liability so assessed by way of contribution.

15. Accordingly, Harrington asserts its right to such contribution.

**PRAYER FOR RELIEF**

**WHEREFORE,** Harrington prays that judgment be entered, as follows:

1. That the Court determine the rights, duties and obligations of the parties to this action;

2. That in the event it be determined there is any sum due to Plaintiff, the Court further declare and adjudge such liability to be that of the Third-Party Plaintiff, and that said Third-Party Plaintiff is obligated to indemnify Harrington as hereinabove alleged;

3. That in the event it be determined there is any sum due to Plaintiff, the Court further declare and adjudge such liability to be that of the Third-Party Plaintiff, and that said Third-Party Plaintiff is liable for contribution to Harrington as hereinabove alleged;

4. For costs of suit;

5.      For attorney fees to the extent authorized by contract and/or statute; and

6.      For such other and further relief as the Court deems just and proper.


DATED:  June 20, 2024                          KENNEDYS CMK LLP


By: /s/ *Pamela L. Schultz*
PAMELA L. SCHULTZ
CAMILLE ZUBER
Attorneys for Third-party Defendant
HARRINGTON INDUSTRIAL
PLASTICS, LLC

HARRINGTON INDUSTRIAL PLASTICS' ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 2:23-cv-09403-MRA-AJR